**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOROTHY WALKER,**<br>**129 Virginia Avenue**<br>**Coatesville, PA 19320**<br>**Plaintiff,** | : | **Civil Action No.** |
| **v.** | : | **Complaint and Jury Demand** |
| **CHESTER COUNTY POCOPSON HOME,**<br>**1695 Lenape Road**<br>**West Chester, PA 19382**<br><br>**313 West Market Street**<br>**West Chester, PA 19380**<br>**Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Dorothy Walker (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Chester County Pocopson Home (hereinafter "Defendant"), for violations of the Family and Medical Leave Act of 1993 ("FMLA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Chester County Pocopson Home is a long term healthcare facility with a location at 1695 Lenape Road, West Chester, PA 19382 and with Chester County's headquarters located at 313 West Market Street, West Chester, PA 19380.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The FMLA is a federal law and so this court maintains federal question jurisdiction over this matter.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**MATERIAL FACTS**

9. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. Plaintiff was employed by Defendant as a Recreational Therapist from in or about April of 2013 through on or about December 17, 2021, the date of her unlawful termination.

11. Throughout the course of her eight and a half (8.5) year tenure of employment with Defendant, Plaintiff maintained a satisfactory work performance rating and was well-qualified for her position.

12. On or about December 3, 2021, Plaintiff commenced a medical leave of absence due to her serious health condition, COVID-19.

13. In connection therewith, Defendant approved Plaintiff for a brief medical leave of absence in accordance with the Family and Medical Leave Act ("FMLA") through December 16, 2021.

14. On or about December 15, 2021, Plaintiff requested a brief personal leave to care for her grandmother who was critically ill and ultimately died three (3) days later on December 18, 2021.

15. Without any legitimate business reason, Defendant denied Plaintiff's leave request and demanded that she return to work on December 16, 2021.

16. Due to her grandmother's imminent death, Defendant was well-aware that Plaintiff was unable to return on the scheduled date and yet flatly refused to allow her any additional leave.

17. Upon information and belief, other similarly-situated employees were permitted to use personal leave in similar situations and Defendant's denial was blatant retaliation for Plaintiff's exercising her right to FMLA leave as there was no reasonable basis for rejecting Plaintiff's request.

18. On or about December 16, 2021, Plaintiff informed Defendant that she could not yet return to work due to her grandmother's impending death.

19. On or about December 17, 2021, Defendant terminated Plaintiff's employment allegedly due to her failure to return from FMLA leave.

20. Based on the foregoing, Plaintiff believes and avers that Defendant terminated her employment in retaliation for exercising her right to FMLA leave in violation of the FMLA.

**COUNT I – DISCRIMINATION/RETALIATION**
**FAMILY AND MEDICAL LEAVE ACT**

21. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.
22. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.
23. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own and her grandmother's serious medical conditions.
24. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.
25. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.
26. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.
27. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.
28. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.
29. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.
30. Plaintiff demands judgment against Defendant for all available equitable relief including,

but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

31. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Dorothy Walker, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: February 22, 2023

**By:** ***/s/ David M. Koller***
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*